**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4887**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JOHN MCLAURIN,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.  James K. Bredar, District Judge.  (1:12-cr-00348-JKB-4)

_____

Submitted:  June 25, 2015                    Decided:  June 29, 2015

_____

Before GREGORY, FLOYD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ron Earnest, Riverdale, Maryland, for Appellant.  Clinton Jacob Fuchs, John Francis Purcell, Jr., Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John McLaurin pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). The district court sentenced him to 120 months' imprisonment, the statutory mandatory minimum. On appeal, McLaurin's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning the substantive reasonableness of the sentence. McLaurin has filed a pro se brief, asserting that the district court lacked jurisdiction, that his arrest was unlawful, and that his counsel was ineffective.[*]

In accordance with Anders, we have reviewed the record in this case, and have found no meritorious issues. Before accepting McLaurin's guilty plea, the district court conducted a thorough plea colloquy, substantially satisfying the requirements of Fed.

---

[*] We have considered the first two issues and find them meritless. As to McLaurin's claim that counsel was ineffective, unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that these claims should be raised, if at all, in a § 2255 motion.

R. Crim. P. 11 and ensuring that McLaurin's plea was knowing, voluntary, and supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court made no significant procedural error at sentencing, see Gall v. United States, 552 U.S. 38, 51 (2007), and McLaurin does not rebut our appellate presumption that his within-Guidelines sentence is substantively reasonable. See United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

Accordingly, we affirm the district court's judgment. This court requires that counsel inform McLaurin, in writing, of the right to petition the Supreme Court of the United States for further review. If McLaurin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McLaurin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED